**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rafael GUERRA–VASQUEZ,
Defendant–Appellant.**

No. 01–50280.
D.C. No. CR–00–01060–R–01.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2002.*

Decided July 30, 2002.

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the

courts of this circuit except as may be provid-
ed by 9th Cir. R. 36–3.

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

### MEMORANDUM**

Rafael Guerra–Vasquez appeals his guilty-plea conviction and 84–month sentence for possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Guerra–Vasquez contends that 21 U.S.C. § 841 is facially unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Alternatively, he argues that the unconstitutional provision, § 841(b), is severable, so the district court plainly erred in sentencing him to more than one year under § 841(b)(3), or, at the most, the five-year maximum of § 841(b)(1)(D). Both arguments are foreclosed by *United States v. Buckland*, 289 F.3d 558, 566–67 (9th Cir.)

** This disposition is not appropriate for publication and may not be cited to or by the

(en banc), *cert. denied,* —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002).

Next, Guerra–Vasquez contends that the district court erred in denying him a two-level minor role adjustment under U.S.S.G. § 3B1.2. We review for clear error a district court's determination that a defendant does not qualify for a minor role adjustment. *United States v. Pena–Gutierrez*, 222 F.3d 1080, 1091 (9th Cir.), *cert. denied,* 531 U.S. 1057, 121 S.Ct. 670, 148 L.Ed.2d 570 (2000). An amount far smaller than the 678 pounds of marijuana transported by Guerra–Vasquez is enough to deny a minor role adjustment. *United States v. Hursh,* 217 F.3d 761, 770 (9th Cir.2000) (considering 59.3 pounds of marijuana substantial enough to preclude minimal role adjustment); *see also United States v. Liu,* 941 F.2d 844, 849 (9th Cir. 1991) (stating possession of a substantial amount of narcotics is sufficient evidence to support the denial of a mitigating role adjustment). Therefore the district court's refusal to grant a sentence reduction was not clearly erroneous.

**AFFIRMED.**